IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | ) | |
|---|---|---|
| **RONALD S. EMRIT,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-CV-00005 |
| v. | ) | |
| | ) | |
| **SEAN COMBS, et al.,** | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, Ronald Emrit, proceeding pro se, filed this action against Sean Combs ("P. Diddy"), Bad Boy Entertainment and Atlantic Records ("Atlantic"). Emrit asserts tortious interference with business relations and products liability claims against all three defendants. He also alleges that Defendant Sean Combs is a public nuisance. However, Emrit has failed to allege an injury-in-fact sufficient to confer Article III standing. Accordingly, I **DISMISS** Plaintiff's claims because the Court does not have jurisdiction to adjudicate his claims.

I note at the outset that "Emrit has filed no fewer than 200 civil actions in federal district courts since 2013, and the Middle District of Florida has issued a 'Vexatious Litigant Order' in a case he filed there, barring Emrit from filing any new document in that district without first obtaining written approval of its Senior Magistrate Judge." *Emrit v. Epic Med*. Records, No. 18-cv-937-wmc, 2021 WL 5881976, at *1 (W.D. Wis. Dec. 13, 2021). In this district, Judge Moon has recently dismissed three of Emrit's cases for failure to state a claim. *Emrit v. PNC Bank*, No. 3:21-cv-00029 (W.D. Va. Feb. 16, 2022); *Emrit v. Cent. Intelligence Agency*, No. 3:22-cv-0009 (W.D. Va. Mar. 7, 2022); *Emrit. Bd. of Immigration Appeals, et al.*, No. 3:22-cv-00008 (W.D. Va. Apr. 8, 2022). And, I dismissed one of Emrit's cases in July 2023 for lack of jurisdiction.

*Emrit v. University of Virginia Darden School of Business, et al.,* No. 3:23-cv-00020 (W.D.Va. July 6, 2023). Emrit's subsequent appeal was dismissed by the Fourth Circuit on February 2, 2024. *Emrit v. University of Virginia Darden School of Business, et al.*, No. 23-1995 (4th Cir. Feb. 2, 2024).

Here, Plaintiff's allegations stem from two unrelated events. First, Emrit describes a series of interactions with Defendant Atlantic in 2006. He alleges that he wrote a letter to Atlantic and its co-founder Ahmet Ertegun informing them that two individuals, Richard Shaw and Wayne Sterago, were publicly claiming to be affiliated with Ertegun. *Id.* at 4. Plaintiff claims that Ertegun called to inform him that he did not know either individual. *Id.* Ertegan also assured Emrit that "he had [Emrit's] demo CD of 'La Reina Cubana' and [] would let his agents and repertoires listen to the song and decide if they would offer [Emrit] a record deal." *Id.* Later that year, Ertegan's assistant let Plaintiff know that Atlantic had decided to "pass" on Emrit's demo CD and "encouraged [Emrit] to sign a record deal with an…independent record label d/b/a Ten Karat Gold Productions (TKG Production)." *Id.* at 5. Emrit subsequently signed a record deal with TKG and another label, "Tuff Stuff Recording." *Id.* Emrit does not allege that Defendant Atlantic or the other defendants had any further role in his career. *See id.* at 4–7.

Second, Plaintiff references a lawsuit brought by Cassandra Ventura against Combs. He alleges that since the lawsuit "Combs has become a public nuisance." *Id.* at 5. "As such," Emrit explains, "P. Diddy's billboards for Ciroc on the streets an highways are an 'eye sore' and public nuisance given his newfound status as a sexual predator…" *Id.* He further alleges that all three defendants have "have committed tortious interference with business relations by continuing to enable a sexual predator such as Sean P. Diddy Combs to conduct business in places of public accommodation." Finally, Emrit alleges that "all three defendants have committed the products

2

liability torts of design defect and/or manufacturing defect….[by] allowing Sean 'P. Diddy" Combs to represent Ciroc vodka and Sean John at department stores like Macy's." *Id.* at 6.

Emrit seeks "punitive, compensatory, and treble damages in the amount of $45 million against the three defendants." *Id.* at 7. He also seeks "an injunction mandating that the second defendant Bad Boy Entertainment file for involuntary bankruptcy and establish a receivership for creditors and/or equity holder who own notes, debentures, and/or debt securities or common, preferred, and/or treasury stock as equity securities." *Id.*

As a threshold matter, this Court may evaluate the basis for subject matter jurisdiction at any time during the pendency of an action. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). The Fourth Circuit recently expanded on this proposition, stating that "it is incumbent on a court to evaluate its jurisdiction at the outset, lest it inadvertently breach the 'bounds of authorized judicial action.'" *Hensley v. City of Charlotte*, No. 21-2308, 2023 WL 1990298, at *2 (4th Cir. Feb. 14, 2023) (quoting Steel Co., 546 U.S. at 94). Further, the Federal Rules of Civil Procedure mandate that the court dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Demetres v. East West Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

Article III of the United States Constitution limits the jurisdiction of federal courts to certain "Cases" and "Controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper*

*v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal quotation marks and citations omitted). "Thus, Article III standing is a 'subject matter jurisdiction issue.'" *Mejico v. Alba Web Designs, LLC*, 515 F. Supp. 3d 424, 430 (W.D. Va. 2021) (Conrad, J.) (quoting *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 715 (4th Cir. 2015)).

To possess standing, "a plaintiff must allege that they have: '(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 619 (4th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). "Further, the injury must be causally connected to the conduct complained of and it must be likely, not just speculative, that the injury will be redressed by a favorable decision from the court." *Oryn Treadway Sheffield, Jr., Trust v. Consolidation Coal Co.*, 819 F. Supp. 2d 625, 628 (W.D. Va. 2011) (Jones, J.).

Here, Emrit has failed to allege an injury-in-fact. Emrit describes his interactions with Defendant Atlantic in detail but fails to allege that these interactions resulted in any injury. Emrit also fails to allege that he has been injured in a concrete and particularized way by billboards depicting P. Diddy or P. Diddy's various endorsements. While Emrit states that the billboards are an "eye sore[s]" and "annoying," he does not explain how these signs have affected him personally. For example, he does not allege how the objectionable billboards have affected his use of public roads, where the objectionable billboards are located, or even that he has actually seen a Ciroc billboard. *See Env't Def. Fund v. FERC*, 2 F.4th 953, 969 (D.C. Cir.

4

2021. Absent these types of specific allegations, his complaint reflects "nothing more than generalized grievances, which cannot support standing." *Id.* (finding that Plaintiff's allegation that she "must look at an 'eyesore' several times per week while driving past" was not an injury-in-fact). Likewise, Emrit's assertion that he has Article III standing as a "consumer of music and music videos" and "concerned American" are unavailing. *See id.* at 7. A plaintiff must allege that he is "'directly affected" by the complained of conduct. *Lujan*, 504 U.S. at 565. A mere "special interest in the subject" is not sufficient. *Id.* Emrit has not alleged that his is directly affected by P. Diddy's advertisements or endorsements. There is no reason that Emrit is impacted more by defendants' conduct than any other music fan or American. Accordingly, I find that Plaintiff has failed to allege an injury fact and **DISMISS** his claims **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Entered:  March 5, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge